**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| JAMONE WILLIAMS, | ) |
| | ) Cause No. 1:24-cv-00058 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ANONYMOUS MEDICAL ORGANIZATION, | ) |
| ANONYMOUS NURSE 1, | ) |
| ANONYMOUS NURSE 2, | ) |
| ANONYMOUS NURSE 3, | ) |
| ANONYMOUS NURSE 4, | ) |
| ANONYMOUS NURSE 5, | ) |
| ANONYMOUS DOCTOR, | ) |
| and ALLEN COUNTY SHERIFF | ) |
| TROY HERSHBERGER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**COMES NOW**, Plaintiff Jamone Williams, by counsel, Andrea L. Ciobanu of CIOBANU

LAW, P.C., complaining of Defendants and states to this Court as follows:

### JURISDICTION

1. This Court has subject matter jurisdiction over this action under 28. U.S.C. § 1331 and by

   42 U.S.C. § 1983.

2. Venue is proper under 28 U.S.C. § 1391 in that the claim alleged herein arose in Allen

   County, Indiana within the Northern District of Indiana.

### THE PARTIES

3. Plaintiff Jamone Williams (hereinafter "Plaintiff") is an individual and currently

   incarcerated at the Indiana State Prison.

1

4.  At all relevant times, Defendant Anonymous Medical Organization (hereinafter "Anonymous Medical Organization") was a professional medical corporation duly licensed under the laws of the State of Indiana and was engaged in the business of providing medical services to patients at the Allen County Jail.

5.  At all relevant times, Defendant Anonymous Nurse 1 was employed by Anonymous Medical Organization as a nurse at the Allen County Jail.

6.  At all relevant times, Defendant Anonymous Nurse 2 was employed by Anonymous Medical Organization as a nurse at the Allen County Jail.

7.  At all relevant times, Defendant Anonymous Nurse 3 was employed by Anonymous Medical Organization as a nurse at the Allen County Jail.

8.  At all relevant times, Defendant Anonymous Nurse 4 was employed by Anonymous Medical Organization as a nurse at the Allen County Jail.

9.  At all relevant times, Defendant Anonymous Nurse 5 was employed by Anonymous Medical Organization as a nurse at the Allen County Jail.

10. At all relevant times, Anonymous Doctor was employed by Anonymous Medical Organization as a medical doctor at the Allen County Jail.

11. Anonymous Medical Organization, Anonymous Nurses 1-5, and Anonymous Doctor may hereinafter collectively be referred to as "Medical Defendants."

12. Allen County Sheriff Troy Hershberger (hereinafter "Sheriff Hershberger") is the current Sheriff of the Allen County Sheriff's Department (hereinafter "ACSD") and is responsible for taking care of the Allen County Jail and prisoner imprisoned there.

13. All Defendants may hereinafter collectively be referred to as "Defendants."

**FACTUAL ALLEGATIONS**

14. At all relevant times, Anonymous Medical Organization was contracted by ACSD and/or Allen County to provide medical services for individuals incarcerated at the Allen County Jail.

15. At all relevant times, Plaintiff was a convicted prisoner detained at the Allen County Jail.

16. Plaintiff was housed with two other individuals in a cell that was designed to house only two people.

17. At all relevant times, Plaintiff suffered from an objectively serious medical condition, namely Type 1 Diabetes.

18. As a Type 1 Diabetic, Plaintiff requires insulin to live.

19. If Plaintiff does not receive the necessary insulin, he can experience severe medical conditions and death.

20. On March 31, 2022, the United State District Court for the Northern District of Indiana, Fort Wayne Division found that certain conditions of confinement at the Allen County Jail violated the Eighth and Fourteenth Amendments due to the overcrowding problem at the jail – which in turn had spawned an increased risk of unsanitary and dangerous conditions in cells – and which had deprived the class of inmates, including all persons currently confined, or who in the future will be confined, 'the minimal civilized measures of life's necessities."

21. The Allen County Jail was overcrowded and plagued with unsanitary conditions during Plaintiff's incarceration there.

22. The Allen County Sheriff and those responsible for the maintenance of the Allen County Jail were aware that the conditions at the Allen County Jail were inhumane and violated the Eighth Amendment.

23. On or about February 18, 2022, Medical Defendants began giving Plaintiff incorrect insulin.

24. Due to being given the incorrect insulin, Plaintiff began suffering serious medical issues over the following days.

25. On February 21, 2022, Plaintiff's wife provided the Allen County Jail with Plaintiff's proper insulin and told Anonymous Nurse 1 that Plaintiff was fasting because his blood sugar had elevated from being given the incorrect insulin.

26. Due to the issues Plaintiff was experiencing in getting proper medical treatment, Plaintiff's wife asked Anonymous Nurse 2 who she could file a complaint with.

27. In response, Anonymous Nurse 2 retaliated by attempting to place Plaintiff on suicide watch for engaging on a hunger strike.

28. On or around February 22, 2022, Plaintiff's left foot began to swell due to being deprived of proper diabetic medication.

29. Plaintiff reported the issue to medical and Anonymous Doctor incorrectly told Plaintiff that his left foot was swollen due to salt retention.

30. On February 26, 2022, nursing staff had Plaintiff's wife bring a pumice stone for Plaintiff to use on sores that had begun developing on his feet due to his diabetic condition.

31. Plaintiff contracted MRSA through the sores on his feet and also developed cellulitis and osteomyelitis.

32. Due to the infection, Plaintiff was unable to walk.

33. From February 26, 2022 to February 28, 2022, despite Plaintiff's inability to walk, Anonymous Nurse 3, Anonymous Nurse 4, and Anonymous Nurse 5 told Plaintiff that he would have to walk to receive his insulin or go without.

34. Plaintiff only received two thirds of his required insulin on February 26, 2022, February 27, 2022, and February 28, 2022.

35. At approximately 9:30 p.m. on February 27, 2022, Officer Alexander advised Anonymous Nurse 1 Plaintiff's medical condition.

36. Anonymous Nurse 1 told Officer Alexander that she was too busy and that she would deal with Plaintiff later.

37. Upon information and belief, Anonymous Nurse 1 told Officer Alexander that she "[doesn't] have time for [Plaintiff's] shit."

38. Later that evening, Officer Pruden advised Anonymous Nurse 1 that Plaintiff was very sick, but Anonymous Nurse 2 refused to come to Plaintiff's cell.

39. On February 28, 2022, Plaintiff was entirely unable to walk to receive medical care, but jail staff refused to allow him to use a wheelchair.

40. Anonymous Doctor went to Plaintiff's cell, where he checked on Plaintiff for only approximately two minutes.

41. Anonymous Doctor changed Plaintiff's antibiotics, provided Plaintiff crutches, and left.

42. Anonymous Doctor noted that there we no signs of infection to Plaintiff's left foot.

43. Plaintiff was finally admitted to Parkview Hospital late in the evening on February 28, 2024, where he was treated for multiple serious medical conditions, including sepsis, MRSA, leukocytosis, endocarditis, acute kidney injury, pneumonia, cellulitis, osteomyelitis, and a torn esophagus.

44. Plaintiff contends that he contracted MRSA due to the systemic overcrowding and unsanitary conditions at the Allen County Jail.

45. When Plaintiff was admitted to Parkview Hospital, he had a white blood cell count of 35,700, which eventually rose to 39,300.

46. Many of the serious medical conditions Plaintiff was suffering from were life threatening but easily preventable with basic medical treatment.

47. Plaintiff was hospitalized from February 28, 2022 to April 25, 2022.

48. On April 3, 2022, Plaintiff lost the vision in his left eye due to complications from diabetes caused by Defendants' medical indifference.

49. April 19, 2022, Plaintiff's left leg below the knee was amputated due to complications from diabetes and MRSA caused by Defendants' violations of Plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment.

50. Despite Plaintiff's multiple requests and the obviousness of his serious medical needs, Medical Defendants intentionally ignored or otherwise failed to respond to Plaintiff's requests for medical care.

51. Medical Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

52. The unsanitary and inhumane conditions at the Allen County Jail violated Plaintiff's Eighth Amendment rights to be free of cruel and unusual punishment.

53. Due to Defendants' intentional actions and deliberate indifference, Plaintiff suffered economic and non-economic damages, including, but not limited to physical harm and emotional distress.

## COUNT I: EIGHTH AMENDMENT VIOLATION –
## DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED

### (Medical Defendants in their individual capacities)

54. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

55. At all relevant times, Medical Defendants were acting within the scope of their employment with Anonymous Medical Organization and/or ACSD.

56. At all relevant times, Plaintiff had a serious medical need, including Type 1 Diabetes and MRSA and later complications caused by Medical Defendants' medical indifference to Plaintiff's serious medical conditions.

57. Plaintiff's serious medical needs were obvious to anyone, even someone who is not a doctor.

58. Despite Plaintiff's requests for medical attention and the obviousness of his serious medical needs, Medical Defendants ignored or otherwise failed to provide Plaintiff with medical care that was absolutely necessary for him to live.

59. Medical Defendants were deliberately indifferent to Plaintiff's serious medical needs.

60. Medical Defendants knew, or should have known, that their acts and/or omissions would likely result in a violation of Plaintiff's Eighth Amendment rights against cruel and unusual punishment.

61. As a result of Medical Defendants' actions, Plaintiff suffered economic and non-economic damages, including physical injuries and emotional distress.

7

## COUNT II: EIGHTH AMENDMENT VIOLATION –
## CONDITIONS OF CONFINEMENT

### (Sheriff Hershberger in his official capacity)

62. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

63. Sheriff Hershberger is the current sheriff of ACSD.

64. Sheriff Hershberger is responsible for taking care of the Allen County Jail and the prisoners incarcerated there.

65. The conditions of confinement at the Allen County Jail during Plaintiff's incarceration were inhumane.

66. During Plaintiff's incarceration at the Allen County Jail, the jail was plagued with systemic overcrowding and unsanitary conditions.

67. Plaintiff contends that he contracted MRSA and other serious medical conditions due to the systemic overcrowding and unsanitary conditions at the Allen County Jail.

68. The inhumane conditions at the Allen County Jail violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

69. As a result of the inhumane conditions at the Allen County Jail, Plaintiff suffered economic and non-economic damages, including physical injuries and emotional distress.

70. Plaintiff makes a claim against Sheriff Hershberger in his official capacity for the Eighth Amendment violations Plaintiff suffered at the Allen County Jail.

## COUNT III – MEDICAL MALPRACTICE

### (Medical Defendants)

71. Plaintiff incorporates by reference the preceding paragraphs of this complaint as fully set forth herein. Pursuant to the federal notice pleading standard, this complaint contains a factual allegations section, pleaded with sufficient factual matter, which demonstrates Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2).

72. The medical care and treatment that Medical Defendants, including their agents, employees, and independent contractors, was careless, negligent, and failed to comply with appropriate standards of medical care and treatment.

73. Medical Defendants did not uphold their duty of reasonable care to ensure that Plaintiff received the proper care.

74. As a direct, legal, and proximate result of Medical Defendants' careless and negligent acts and/or omissions, Plaintiff sustained economic and non-economic damages.

## PRAYER FOR RELIEF

Plaintiff prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to proceed with any and all claims which the facts averred in this complaint support, pursuant to the notice pleading requirement of F.R.C.P. 8.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in favor of him on all counts of his Complaint, award him compensatory damages and punitive damages as well as litigation costs, and grant him such other and further relief as this Court deems just under the

circumstances, including, but not limited to, a public apology, attorney's fees, and pre and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Date: February 8, 2024

Respectfully submitted,

s/ Andrea L. Ciobanu_____
Andrea L. Ciobanu, #28942-49
CIOBANU LAW, P.C.
902 E. 66th Street
Indianapolis, IN 46220
Phone: (317) 495-1090
Fax: (866) 841-2071
Email: aciobanu@ciobanulaw.com